UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:

TERRANCE DEYOUNG                          BK-06-11496
        Debtor(s)                         CHAPTER 13

ORDER CONFIRMING CHAPTER 13 PLAN

The Debtor(s) filed a Chapter 13 Plan (The "Plan") on January 9, 2007. The Debtor(s) filed a Certificate of Service on January 9, 2007 reflecting that the Plan was served on all creditors and parties-in-interest. No objections to the confirmation of the plan were filed, or all objections were overruled by the Court or resolved by the parties. Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed. The term of the Plan is 60 months.

2. The employer of the Debtor, EFP, Attn: Payroll Dept., 237 Cedar Hill Street, Marlboro, MA 01752 shall deduct from the wages of the Debtor and forward to the Office of the Standing Chapter 13 Trustee, P.O. Box 2561, Providence, RI 02906, the sum of $380.00 per month for 60 months.

3. The effective date of confirmation of the Plan is March 16, 2007.

4. The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed Plan are set forth on the attached summary which is incorporated herein by reference.

5. Unless otherwise ordered by the Court, all property of the estate as defined in 11 U.S.C. §541 and 1306, including, but not limited to any appreciation in the value of real property owned by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the Plan and shall vest in the Debtor(s) only upon closing of the case. All property of the estate shall remain within the exclusive jurisdiction of the Bankruptcy Court.

6. The Debtor(s) shall not transfer, sell, encumber, or otherwise alienate property of the estate other than in accordance with the confirmed Plan or other order of the Bankruptcy Court. The Debtor shall be responsible for preserving and protecting all property of the estate.

7. The Court may, from time to time during the period of the Plan, increase or reduce the amount of the payments provided by the Plan where it shall be made to appear at a hearing upon such notice as the Court may designate that the circumstances so warrant or so require.

8. The Debtor shall inform the Trustee of any increase he/she receives in salary or in income.

9.  The Trustee shall pay the remaining balance due to any creditor when that balance due is $25.00 or less.

10.   Under 11 U.S.C. §1325(a)(8) and §1328(a), if the debtor owes domestic support obligations, whether owed at the time of filing or incurred during the pendency of the bankruptcy case, the debtor must file a certification with the Chapter 13 Trustee stating that all such payments due under the plan have been paid before a discharge order may be entered.

11.   Upon completion of the plan, a discharge shall be entered unless:  (a)  after  motion  and  hearing  the  court determines that the debtor is not entitled to one pursuant to 11 U.S.C. §1328(h), or; (b) the Debtor is otherwise not entitled to one pursuance to 11 U.S.C. §1328.

12.   The plan meets all of the requirements set forth in 11 U.S.C. §1325(a).

ORDER:                                        ENTER:

_H. D'Agostino_____        _____
Deputy Clerk                                  Arthur N. Votolato
                                              Bankruptcy Judge

Entered on:  3/23/07

In re:   Terrance Deyoung                          BK-06-11496
Order Confirming Plan

## CERTIFICATION

I hereby certify that a copy of the within Order Confirming Chapter 13 Plan was mailed, postage prepaid, to Terrance Deyoung, 49 Custer Street, Warwick, RI 02889 and electronically mailed to Russell D. Raskin, Esq. at mail@raskinandberman.necoxmail.com on March 16, 2007.


_____

In re:   Terrance Deyoung                        BK-06-11496


        SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

A.  ADMINISTRATIVE CLAIMS

    Attorney's fees due to Attorney Russell D. Raskin in the
    amount of $1,500.00 shall be paid first.

B.  PRIORITY CLAIMS

    Priority tax claims for which claims are properly filed shall
    be paid next.

C.  SECURED CLAIMS

    1.  Modified Secured Claims

        None

    2.  Unmodified Secured Claims

        Countrywide Home Loans will be paid its pre-petition
        arrearage in the approximate amount of $14,712.00 next
        after payment of administrative and priority claims.

        First Financial will be paid its pre-petition arrearage
        in the approximate amount of $2,928.00 next after payment
        to Countryside Home Loans.

        The debtor(s) shall be responsible for the ongoing
        monthly mortgage payments to Countrywide Home Loans and
        First Financial.

D.  UNSECURED CLAIMS

    All unsecured creditors shall receive not less than 9% of the
    amount of their claims duly proved and allowed by the Court.

E.  OTHER PERTINENT PROVISIONS

    None